# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| SUVRA CHATTERJEE | * | Case No.: 14-15331-TJC |
| Debtor(s) | * | |
| * * * * * * * * * | * * * | |
| SUVRA CHATTERJEE | * | |
| Plaintiff, | * | Adv. Pro. No. _____ |
| v. | * | |
| CAPITAL ONE BANK, NA | * | |
| Defendant. | * | |
| * * * * * * * * * | * * * | |

**COMPLAINT FOR RECOVERY OF**
**PREFERENTIAL TRANSFERS (GARNISHED WAGES)**

Plaintiff, Suvra Chatterjee, by and through her attorneys of record, Jonathan P. Morgan and Morgan Rose, LLC, and pursuant to 11 U.S.C. §§ 547 and 522(h) files this Complaint against Capital One Bank, NA ("Defendant"), and for her cause of action alleges and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is an individual living at 730 Clifftop Drive, Gaithersburg, Maryland and is the Debtor.

2. Defendant, upon information and belief, maintains its principal office at 1680 Capital One Drive, McLean, Virginia and is a creditor in the above-captioned Chapter 7 bankruptcy case.

3. This adversary proceeding is brought pursuant to Rule 7001 of the Bankruptcy Rules.

4. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§ 547 and 522(h), 28 U.S.C. § 157, and Rule 7001 of the Bankruptcy Rules.

5. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157.

## FACTUAL PREDICATE

6. On April 4, 2014 ("the Petition Date"), the Debtor filed a Petition for relief under the United State Bankruptcy Code.

7. Within the ninety (90) day period prior to the Petition Date, the Defendant garnished the Debtor's wages in an amount in excess of $600.00 ("the Garnished Wages").

8. On April 4, 2014, the Debtor caused to be filed her Schedules A-J.  On Schedules B and C, she listed and exempted the Garnished Wages in the amount of $877.51.

9. On May 14, 2014, the Trustee conducted the Section 341 Meeting of Creditors.

10. On June 11, 2014, the Trustee filed his Report of No Distribution, effectively abandoning the estate's interest in the Garnished Wages.

11. More than thirty (30) days have elapsed since the Meeting of Creditors was concluded and no objections to Debtor's exemptions have been filed.

COUNT I
Avoidance of Preferential Transfers by the Debtor (11 U.S.C. §§547 and 522(h))

12. Defendant's garnishment of Debtor's wages were transfers within the meaning of 11 U.S.C. § 101(54) ("the Transfers").

13. The Transfers were made to or for the benefit of the Defendant, a creditor of the Debtor.

14. The Transfers were made for or on account of antecedent debts owed by the Debtor to the Defendant before the Transfers were made.

15. The Transfers were made while the Debtor was insolvent.

16. The Transfers were made within ninety (90) days of the filing of the bankruptcy case.

17. The Transfers enabled the Defendant to receive more than it would have as an unsecured creditor of the Estate.

18. The Transfers are avoidable by the Trustee under 11 U.S.C. 547.

19. The Trustee did not attempt to avoid the Transfers.

20. The Debtor could have exempted the property which was transferred to the Defendant and recovered by the Trustee if the Trustee had avoided such transfer.

WHEREFORE, Plaintiff demands the following relief:

a. That this Court enter a judgment against Defendant avoiding the Transfers and any other payments that the Defendant received within the ninety (90) days preceding the filing of the bankruptcy case; and

  b. That this Court enter a judgment against Defendant and in favor of Plaintiff in the amount of $1,752.66, plus all other amounts received by Defendant from the Debtor during the ninety (90) day period immediately preceding the bankruptcy case; and

  c. That this Court grant such other and further relief as the nature of this cause may require.

            Respectfully submitted,

            MORGAN ROSE, LLC


            /s/ Jonathan P. Morgan
            Jonathan P. Morgan, #12969
            416 Hungerford Drive, Suite 233
            Rockville, MD  20850
            (301) 838-2010
            (301)738-7193(f)
            jon@morganroselaw.com